MARTIN JOHNSON, Appellant, v. FRED BOREN, Appellee.

No. 41315.

DECEMBER 13, 1932.

Salinger, Reynolds & Meyers, for appellant.

W. A. Helsell, for appellee.

ALBERT, J.—Martin Johnson, the plaintiff, was the owner of a residence property in the city of Odebolt. On January 25, 1931, he entered into a lease for this property with the defendant, Fred Boren, from March 1, 1930, to October 1, 1930, at a rental of $30 monthly, payable in advance. This lease was in the usual form and provided that the second party should keep "the buildings, glass, windows, plumbing, fences, gates, etc., in as good repair as the same now are, or may at any time be placed in by the first party." Among other things the lease provided "that all damages, costs and expenses to first party hereunder shall be considered as rent and that the first party shall have a lien for said rent on all the property of the second parties taken or used on the premises during the term, whether exempt from execution or not, and if suit be instituted hereon for the collection of rent or to enforce any of the provisions of this lease, the second parties will pay reasonable attorney's fee for first party's attorney."

The contracted rent of $30 a month was evidently paid, as that claim is not involved in this action.

On October 7, 1930, appellant, as plaintiff, filed in the office of the Justice of the Peace, Stolt, his claim against the defendant as follows:

| | |
|---|---:|
| Stairway Shelves | $ .50 |
| Storage Mag. | 2.00 |
| Digging Garden | 2.50 |
| Kitchen Bowl Light | 1.50 |
| Repair Stool and Sink | 1.25 |
| Window Pane for Cob Room | .25 |
| Window Pane for Garage | 1.00 |
| Grate for Sewer in Basement | .50 |
| | $ 9.50 |
| Attorney's Fees | 50.00 |
| Total | $59.50 |

On October 14, 1930, both parties appeared, there was a trial before the Justice, and he adjudged that the plaintiff did not have a just bill, except $3 that the Boy Scouts paid into court for the plaintiff. The court further held that the plaintiff in his cause of action took nothing, and the costs were adjudged against him.

In due and proper time, plaintiff perfected an appeal to the district court. In that court a motion was filed to dismiss the appeal on two grounds: 1st. The amount in controversy is less than $25.00. 2d. This case is brought upon an open account, and no attorney's fee under the statutes can be recovered. The court sustained the motion, dismissed the appeal from the Justice Court, and the plaintiff then appealed to this court under a certificate from the district judge.

We are not favored with an argument on the part of the defendant, appellee, but the appellant insists that the determining factor on the appeal to the district court, as to the amount involved, must be found in the claim of the plaintiff as filed in the justice court. It is therefore argued that because of the claim filed in the justice court for $59.50, the amount involved was over $25, and the appeal would lie; hence the district court erred in dismissing the appeal.

Referring to the plaintiff's cause of action, it is apparent that he is making his claim under the terms of the lease contract for the

damages and costs sued on herein. In the above-quoted provision of said contract, it is provided "that all damages, costs and expenses shall be considered as rent. The first party shall have a lien for said rent," etc.

It is also provided in the same clause in the contract that, "if suit is instituted herein for the collection of rent or to enforce any of the provisions of this lease, the second parties will pay reasonable attorney's fee for first party's attorney."

It is evident that the phrase "damages, costs and expenses," used in the first part of this agreement, did not cover attorney's fee, because attorney's fee is specifically provided for in the latter part of the said agreement. The suit, therefore, in the first instance, was for damages, costs and expenses under the contract; hence the action must be held to be a suit bottomed on the contract. Thus construed, we have the ordinary suit on a written contract which provided for attorney's fee, and section 11644, Code 1931, provides:

"When judgment is recovered upon a written contract containing an agreement to pay an attorney's fee, the court shall allow and tax as a part of the costs:" (Here follows the schedule.)

Section 11646 provides for the filing of an affidavit by the attorney before the court may tax such attorney's fee as costs. No such affidavit was filed in the instant case. Appellant in his argument says:

"It must be conceded that costs are not a part of the amount in controversy in determining jurisdiction, so that if it be true there may be no recovery of attorney's fees on contracts in Iowa, except as taxable costs, there was not the requisite amount in controversy here to sustain an appeal to the district court."

In the aforesaid section, 11644, it is specifically provided that attorney's fees shall be taxed as a part of the costs. In every lawsuit brought, a part of the plaintiff's prayer is for costs, but we know of no case holding that in determining the question of jurisdiction, the prayer for costs is taken into consideration in determining the amount in controversy. The right to recover costs is a statutory one, and an incident of the litigation. It is equally true that contracts may provide for attorney's fees, and courts have recognized the right to so provide; but the statute provides that they should be taxed as a part of the costs. The amount thereof is fixed by statute,

and therefore is not a matter of controversy between the parties. They are in the same category as any other statutory costs incident to litigation, and cannot be taken into consideration in determining the amount in controversy between the parties. In other words, the claim of $50 for attorney's fees made by the plaintiff is simply a claim for costs, the same as for any other costs incident to the litigation. Further, the plaintiff did not file an affidavit for attorney's fees when he commenced his case.—Affirmed.

STEVENS, C. J., and EVANS, DE GRAFF, and KINDIG, JJ., concur.